# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1846, AT NORTHAMPTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

TIMOTHY C. TILLOTSON *vs.* JUSTUS ROSE, Jr. & another.

When a surety on a promissory note pays the holder before it is payable by its terms, a cause of action against his principal, for indemnity, accrues at the time when the note becomes payable, and not before; and the statute of limitations begins to run from that time.

ASSUMPSIT for money paid for the defendants. The action was commenced on the 24th of January 1845. At the trial in the court of common pleas, before *Colby*, J. the plaintiff gave in evidence the following note, signed by the plaintiff on the back thereof: "Granville, March 28th 1838. One year from date, we, the subscribers, jointly or severally promise to pay William Chickley, or order, one hundred dollars with interest.

Horatio Fainsworth,
Justus Rose, Jr."

The plaintiff called William Chickley, the payee, who testified thus : " I lent the money to Rose and Fainsworth. Justus Rose, jr. received the money. He applied for it. I agreed to let them have the money on this security. I told Fainsworth I must have security, if I let him have the money. I required the names of Rose and Tillotson. Fainsworth first spoke about the loan. I named the persons who were to be sureties. Rose came for the money two or three times before I let it go. I let him have it when he brought the note with these names on it. I declined to let it go until I had the name of Tillotson. Tillotson paid the note to me, the next day after it was given."

It was shown that an action against the defendants had been formerly brought on the note, in the name of Chickley, who became nonsuit, on proof that he had been paid, as above stated, by the plaintiff.

The defendants' counsel contended that this action could not be maintained ; 1st, because it was barred by the statute of limitations ; and 2d, because the plaintiff could not make himself a creditor of the defendants without their consent. The judge ruled otherwise, and a verdict was returned for the plaintiff. To this ruling the defendants alleged exceptions.

*Leonard,* for the defendants. It is necessary that the defendants' express or implied request to the plaintiff to pay the money should be shown, in order to maintain this action. Chit. Con. (5th Amer. ed.) 592. A surety cannot recover money paid for his principal on a note not due. He must prove that he was called upon to pay. 3 Stark. Ev. 1384. " All the money he may be *compelled* to pay " to the creditor, he may recover of the principal. *Appleton* v. *Bascom*, 3 Met. 171. See also *Skillin* v. *Merrill*, 16 Mass. 40.

The plaintiff paid the promisee more than six years before he commenced this action. His cause of action, if any, accrued when he paid the money ; and the statute of limitations is a good defence. Chit. Con. (5th Amer. ed.) 815. *Rodman* v. *Hedden*, 10 Wend. 498.

*Boise*, for the plaintiff.   The defendants, by procuring the plaintiff to become their surety, made an implied request to him to pay their debt, and by paying it, he made them his debtors.   Besides ; the plaintiff and defendants were co-promisors to Chickley ; *Baker* v. *Briggs*, 8 Pick. 122 ; and the plaintiff might rightfully pay the note, before it was due, and sue for indemnity after it became due.   See 1 Steph. N. P. 319.   *Pearson* v. *Parker*, 3 N. Hamp. 366.   *Cuyler* v. *Ensworth*, 6 Paige, 32.   *Norton* v. *Soule*, 2 Greenl. 341. Theobald on Prin. & Surety, §§ 270, 271.

The plaintiff's cause of action did not accrue till the note became payable.   His action, therefore, is not barred by the statute of limitations.   Theobald on Prin. & Surety, § 145.

WILDE, J.   This was an action of assumpsit by the surety of the defendants, on an implied promise of indemnity, he having paid the debt ; and as it was paid by the plaintiff before it was payable by the terms of the contract, the defendants contend that no action accrued by the payment.   This is very true ; for before the maturity of the note the defendants were not liable to be sued, either by the original promisee or by the plaintiff.   But after the note became payable, and the defendants neglected to pay, an action did accrue ; especially as an action was brought on the note, in the name of the promisee, and that action was defeated by the defendants, by proof of payment by the present plaintiff, the surety. According to this view of the case, it is very clear that this action is not barred by the statute of limitations ; for the action was commenced within six years after the note was payable, when the cause of action first accrued to the plaintiff.

*Exceptions overruled.*